UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| STEVEN CHARLES CLEAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00040-JMS-MKK |
| | ) | |
| DUSHAN ZATECKY, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Motion to Dismiss Petition for a Writ of Habeas Corpus
and Denying Certificate of Appealability**

In his petition for writ of habeas corpus, petitioner Steven Charles Clear challenges his 2018 state-court conviction for operating a vehicle while intoxicated with a prior conviction resulting in serious bodily injury. The respondent argues that the petition must be denied because Mr. Clear's claims are procedurally defaulted.

Mr. Clear's motion for leave to file a supplemental response, dkt. [15], is **granted to the extent** the Court considers his supplemental response in ruling on the respondent's motion to dismiss. His motion for leave to expand the record, dkt. [16], is **granted to the extent** the Court considers the transcripts of his bench trial, sentencing, and state post-conviction hearing, which were already a part of the state court record but had not previously been provided to the Court.

For the reasons explained in this Order, the respondent's motion to dismiss, dkt. [12], is **granted**, Mr. Clear's petition for a writ of habeas corpus is **denied**, and the action is dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

# I. Background

After a bench trial, Mr. Clear was found guilty of Class A misdemeanor driving while suspended with a prior conviction, Level 5 felony operating a vehicle while intoxicated with a prior conviction causing serious bodily injury, and being a habitual substance offender. Dkt. 12-1 at 20. The court sentenced Mr. Clear to 11 years in the Indiana Department of Correction. *Id*. at 22–23. On direct appeal, Mr. Clear argued that the trial court improperly treated the enhancement as a separate offense. Dkt. 12-3. The Indiana Court of Appeals agreed and remanded for an amended sentencing order and abstract of judgment. Dkt. 12-5 at 4.

Mr. Clear filed a petition for post-conviction relief, which he later amended. Dkt. 12-6 at 2, 8. After a hearing, the post-conviction court denied Mr. Clear's petition. *Id*. at 9–10. On appeal, Mr. Clear made two arguments: the trial court erred when it enhanced his misdemeanor to a felony and then attached a habitual offender enhancement; and the post-conviction court improperly denied his discovery motions. Dkt. 12-8. The Indiana Court of Appeals affirmed the post-conviction court. *Clear v. State*, 190 N.E.3d 945, 2022 WL 2125987 (Ind. Ct. App. 2022) (available in the record at dkt. 12-11). In his petition to transfer to the Indiana Supreme Court, he raised the same two issues. The Indiana Supreme Court denied the petition. Dkt. 12-12; dkt. 12-6 at 13.

Mr. Clear then filed his petition for a writ of habeas corpus in this Court, raising four grounds for relief. First, he challenges the admission of his statements from the scene of the crime under the Fifth Amendment. Second, he contends that his trial counsel was ineffective for not objecting to the admission of his statements and inadequately preparing a defense. Third, he argues that his right to due process was violated because his trial counsel had a conflict of interest. And fourth, he maintains that his sentence violates the Eighth Amendment.

2

## II. Applicable Law

A federal court may grant habeas relief to a person in custody pursuant to the judgment of a state court only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Where a state court has adjudicated the merits of a petitioner's claim, a federal court cannot grant habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Section 2254(d) is not the only obstacle to habeas relief. A petitioner may procedurally default his claim by failing to fairly present it "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Richardson v. Lemke*, 745 F.3d 258, 268 (7th Cir. 2014).

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (internal citations omitted).

### III. Discussion

The respondent argues that Mr. Clear's petition is procedurally defaulted. Dkt. 12. Mr. Clear argues in response that he exhausted each of his grounds for relief, or had no state procedure available to do so, but a review of the state court record does not support his contention. On direct appeal, he only argued that the trial court improperly treated the sentencing enhancement as a separate offense. Dkt. 12-3. And on post-conviction appeal, he challenged the post-conviction court's discovery rulings and his sentence enhancement. Dkt. 12-8; dkt. 12-12. Although he argues that he had no means to exhaust his Eighth Amendment claim or the denial of his petition to modify his sentence, each of those issues could have been appealed to the Indiana Court of Appeals. *See, e.g., Knapp v. State*, 9 N.E.3d 1274, 1291 (Ind. 2014) (addressing an Eighth Amendment claim on direct appeal); *Newman v. State*, 177 N.E.3d 888, 890–93 (Ind. Ct. App. 2021) (reviewing the denial of a modification petition).

Mr. Clear has therefore failed to present any of the claims raised in his habeas petition through one complete round of Indiana's ordinary appellate review process. His claims are now defaulted because he can no longer bring them in state court. *Resnover v. Pearson*, 965 F.2d 1453, 1458 (7th Cir. 1992) (Procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court.").

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *or* he can establish that the denial of relief will result in a miscarriage of justice." *Lewis*, 390 F.3d at 1026 (internal citations omitted). "Cause requires a showing of some type of external impediment that prevented him from presenting his claims." *Garcia v. Cromwell*, 28 F.4th 764, 775 (7th Cir. 2022) (cleaned

4

up)."Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." *Johnson v. Foster*, 786 F.3d 501, 505 (7th Cir. 2015).

In his supplemental reply, Mr. Clear argues that his default should be excused because his post-conviction counsel failed to obtain evidence to support his grounds for relief before counsel withdrew from his case, leaving Mr. Clear to litigate on his own without the evidence he needed. Dkt. 15 at 3-4. Mr. Clear is correct that ineffective assistance of post-conviction counsel on initial review can be cause to overcome procedural default of ineffective assistance of trial counsel claims. *Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Brown v. Brown*, 847 F.3d 502, 509 (7th Cir. 2017). The only evidence Mr. Clear points to in support of his trial counsel ineffectiveness claims are the transcripts of his conversations with the arresting officer to support his Fifth Amendment claim, which he requested in post-conviction proceedings but was denied. Dkt. 15 at 2-3; dkt. 3-1 at 107-09. But he does not explain how his lack of access to the transcripts interfered with his ability to argue that his trial counsel should have objected to the admission of his pre-arrest statements.[1] Accordingly, Mr. Clear has not shown any cause for his inability to exhaust his claims by petitioning to transfer to the Indiana Supreme Court.

To summarize, Mr. Clear failed to exhaust his claims in state court before filing his habeas petition. Because he can no longer bring the claims in state court, he has defaulted them. He has

---

[1] Even if the Court were to bypass the question of exhaustion of this ground for relief, Mr. Clear would not be entitled to relief because, as the state court found, a motion to suppress any statement made to first responders that Mr. Clear was the only occupant in the car would have been denied, both because Mr. Clear was not in custody at the time he made the statement and because requesting this information did not implicate *Miranda v. Arizona*, 384 U.S. 436 (1966), because it was necessary to determine that no other vehicle occupants had been thrown from the vehicle when it overturned. Dkt. 16-1, PCR Trans. at 20-21 (transcript pages 18-19); *see New York v. Quarles*, 467 U.S. 649, 659 (1984) (establishing "public safety" exception to allow officers to ask a suspect questions without first giving *Miranda* warnings if they reasonably believe it is "necessary to secure their own safety or the safety of the public").

5

not shown either cause and prejudice for that failure or that a denial of relief will result in a miscarriage of justice. Accordingly, the respondent's motion to dismiss is **granted**.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. §2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where, as here, a petitioner's claims are resolved on procedural grounds, a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claims and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Applying these standards, and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court finds that reasonable jurists would not dispute that Mr. Clear's claims are procedurally defaulted. The Court therefore **denies** a certificate of appealability.

### V. Conclusion

Mr. Clear's motion for leave to file a supplemental response, dkt. [15], and motion for leave to expand the record, dkt. [16], are **granted to the extent** the Court considered the transcripts of his bench trial, sentencing, and state post-conviction hearing, and his supplemental response in ruling on the respondent's motion to dismiss.

The respondent's motion to dismiss, dkt. [12], is **granted**. Mr. Clear's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **dismissed with prejudice as procedurally defaulted**, and a certificate of appealability shall not issue. Judgment consistent with this Order shall now issue.

    **IT IS SO ORDERED.**

Date: 2/2/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

STEVEN CHARLES CLEAR
146800
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov